UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**APRIL FOSS,**

     **Plaintiff,**

-vs-                  **Case No. 6:09-cv-437-Orl-19GJK**

**TRI-POD ALUMINUM, INC.,
VINCENT TRIPODI,**

     **Defendants.**
_____

# ORDER

This case comes before the Court on the Joint Stipulation for Dismissal with Prejudice. (Doc. No. 20, filed July 13, 2009.)

This matter is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19 (2006). In the Eleventh Circuit, it is mandatory for a court to review a compromised settlement of a plaintiff's FLSA claims, including any provision for attorney's fees, to ensure that the agreement is a "fair and reasonable resolution of a bona fide dispute" over FLSA provisions. *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (citations omitted); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Zegers v. Countrywide Mortgage Ventures, LLC*, 569 F. Supp. 2d 1259, 1261 (M.D. Fla. 2008) (citing 29 U.S.C. § 216(b)). The Eleventh Circuit has stated:

> [The] FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. [The] FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of [the] FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable

after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

*Silva*, 307 F. App'x at 351-52 (citations omitted); *accord United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307*, 732 F.2d 495, 504 (6th Cir. 1984).

This Court has previously found that when a plaintiff is offered full compensation on his or her claim, the case does not involve a compromise, and the judicial scrutiny outlined in *Lynn's Food Stores, Inc.* is not necessary. *Lake v. Land Planners & Assocs., Inc.*, No. 6:08-cv-991-Orl-19GJK (Doc. No. 17 at 1, filed Oct. 7, 2008) (citing as an example *Mackenzie v. Kindred Hosps. East, LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)). However, the Eleventh Circuit recently stated in its unpublished *Silva* decision that the district court has a duty to ensure that reasonable attorneys' fees are paid by the defendant to the attorneys for the plaintiff. *Silva*, 307 F. App'x at 351. Thus, even if the parties settle for the full amount of the plaintiff's claim, if the attorneys' fees are to be paid out of the plaintiff's recovery, this arrangement "necessarily involve[s] a compromise of the FLSA claim." *Id.*

In the instant case, the Stipulated Dismissal is silent as to the payment of attorneys' fees. (Doc. No. 20 at 1.) The Court needs additional information concerning the terms of the settlement agreement, particularly relating to attorneys' fees, before it may approve dismissal of this case. *Silva*, 307 F. App'x at 351. Therefore, the Court **REFERS** the action to the United States Magistrate Judge for Report and Recommendation as to: (1) whether there has been a compromise of Plaintiff's FLSA claim, and if so, (2) whether such compromise is a "fair and reasonable dispute of a bona fide dispute" over FLSA issues pursuant to *Lynn's Food Stores, Inc.*

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 10, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party